Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2175 | **DATE** | 12/9/2004 |
| **CASE TITLE** | MEDINA, ET AL vs. M & T, CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendant's motion for summary judgment is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 14 2004 | |
| | Notified counsel by telephone. | date docketed | 21 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JORGE L. MEDINA,
DELORES M. MEDINA,

    Plaintiffs,

v.

MANUFACTURER'S & TRADERS
TRUST COMPANY,

    Defendant.

DOCKETED
DEC 1 4 2004

No. 04 C 2175
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

In February 2001, Defendant ("Manufacturers") filed a mortgage foreclosure action in the Northern District of Illinois against Plaintiffs (the "Medinas"). On December 10, 2001, Judge Lindberg dismissed the foreclosure action by minute order. Plaintiffs filed a Complaint in this court on March 24, 2004, alleging various fraudulent actions by Defendant related to the 2001 mortgage foreclosure action.

In May 2003, a class action complaint was filed against Fairbanks Capital Corporation ("Fairbanks") in the United States District Court for the District of Massachusetts. The complaint alleged, *inter alia*, that Fairbanks was a servicer of residential mortgage loans and that it violated the Fair Debt Collection Practices Act by collecting fees, costs and foreclosure-related charges that were not due, and that it entered into and breached reinstatement agreements with borrowers. Fairbanks and the class action plaintiffs entered into a settlement agreement and release on November 14, 2003 (hereinafter the "*Curry* settlement agreement"). The *Curry* settlement agreement was intended to comprise a global settlement that would provide consumer redress throughout the United States. The terms of the agreement state that each settlement class



member and their respective spouses would be deemed to have released and completely and forever discharged Fairbanks and Fairbanks-related parties from the released claims.

Under the terms of the *Curry* settlement agreement, Fairbanks-related parties include "all persons or entities that are or have been investors, owners, trustees or beneficiaries of all or part of the legal or equitable rights for any of the Serviced Loans . . . including . . . the mortgage-backed securities trusts." Defendant asserts that it is a mortgage-backed security trust and is the owner of the loan obtained by Plaintiffs and serviced by Fairbanks. Defendant also asserts that Plaintiffs' present claim against Defendant, alleging a fraudulent foreclosure action in February 2001, falls within the definition of "Released Claims"[1] in the 2003 *Curry* settlement agreement.

On December 8, 2003 the District Court in Massachusetts preliminarily approved the *Curry* settlement agreement as fair, reasonable and adequate, and conditionally certified the class for settlement purposes and with respect to notice, settlement hearing and administration. The certified class included all persons whose loans were serviced by Fairbanks during the class period and whose loans were: (i) in default or treated as being in default by Fairbanks and (A) who incurred or were assessed late fees and/or default-related fees, or (B) who were affected by default-related conduct. Defendant asserts that Fairbanks treated the Medinas' mortgage as in default by filing the mortgage foreclosure action in February 2001. Plaintiffs do not contest this fact; rather, it is the gravamen of their current complaint.

---

[1] The 2003 settlement agreement defines "Released Claims" as "all claims . . . and causes of action of every nature and description whatsoever for any losses, damages, harms, injuries . . . that result, concern or arise from or in connection with (a) the transactions or occurrences or series of transactions or occurrences alleged in the Consolidated Class Action Complaint; (b) the acts or omissions of Fairbanks or of any Fairbanks-Related Party in connection with Fairbanks' Servicing of the Serviced Loans related to the transactions . . . alleged in the . . . Complaint; (c) Fairbanks' Servicing of a Serviced Loan that ever was in Default or treated by Fairbanks as being in Default."

2

As part of its preliminary approval of the *Curry* settlement agreement, the District Court approved class notice and claim forms, directed Fairbanks to prepare and provide the class member list to the Federal Trade Commission (the "FTC"), directed the FTC to mail the class notice and claim forms to all persons on the class member list, and ordered Fairbanks to publish a summary notice in *USA Today*. The District Court held that notice in compliance with its order was the "best notice practicable under the circumstances," constituting due and sufficient notice in full compliance with Rule 23 requirements as well as due process. Finally, the District Court's December 8, 2003 order contained an opt-out provision, requiring that any class member who wished to be excluded from the class was required to mail a request for exclusion to the settlement administrator; any class member who did not properly and timely request exclusion was to be included in the class and bound by the judgment in the class action lawsuit. On May 13, 2004, the District Court granted the motion approving the settlement agreement, holding that each class member was bound by the agreement, including the releases, disclaimers of liability, covenants not to sue and the injunction against further litigation contained in the agreement.

### *Summary Judgment*

Manufacturers has moved for summary judgment pursuant to *Fed. R. Civ. P. 56*. Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986). A genuine issue of material fact exists when there is evidence on the basis of which a reasonable jury could find in Plaintiffs' favor, allowing for all reasonable inferences drawn in a light most favorable to

Plaintiffs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue of material fact exists when a reasonable jury could find for the non-movant based on the entire record. *Roger v. Yellow Freight Sys.*, 21 F.3d 146, 149 (7th Cir. 1994). Manufacturers argues that it is entitled to summary judgment as a matter of law because there are no genuine issues of material fact regarding the effect of the *Curry* class action settlement on the Medinas: namely, that the Medinas are bound by the terms of the settlement and are thereby barred from filing suit against Manufacturers on the basis of the February 2001 foreclosure action.

Plaintiffs have failed to raise a genuine issue of material fact in response to Defendant's assertions that: a) it is a mortgage-backed security trust included within the *Curry* settlement agreement's definition of "Fairbanks-related Parties;" and b) the Plaintiffs' present claim is a "Released Claim" as defined by the *Curry* settlement agreement. In response to these assertions, the Medinas merely reiterate the allegations raised in their Complaint, stressing that they are not bound by the *Curry* settlement agreement since Manufacturers was not a named party in that action and that they never waived any right to sue Manufacturers with respect to the 2001 foreclosure action. I find that Manufacturers is a "Fairbanks-related Party," and that Plaintiffs' present complaint constitutes a "Released Claim." The only remaining issue, therefore, is whether Plaintiffs have raised a genuine issue of material fact regarding the adequacy of the notice provided them as part of the *Curry* settlement.

On February 23, 2004, the settlement administrator in the *Curry* class action sent a notice and claim form to the Medina household at 5200 S. Western Avenue, #2 in Chicago, Illinois. The Medinas claim that on this date they no longer lived at that address, and that furthermore, both Manufacturers and Fairbanks possessed their new address of 2419 W. 52nd Street in

4

Chicago, Illinois. The Medinas submitted various un-authenticated letters (none of which appear to be original) in which they corresponded with officials at both Fairbanks and Manufacturers. Plaintiffs offered these letters as evidence that Manufacturers and Fairbanks knew, no later than July 2002, of the Medinas' change of address. Defendants properly challenge the sufficiency of these documents as evidence in a summary judgment motion. However, Plaintiffs also submitted copies of letters sent by Fairbanks and Manufacturers to Plaintiffs at the 2419 W. 52nd Street address. These letters, dated August 6, 2002, and September 13, 2002, appear to be on Manufacturers and Fairbanks letterhead, respectively. Both letters are dated more than one and one-half years before notice of the class action was sent to the Medinas.

The Medinas insist that they are not bound by the decision approving the final settlement in the *Curry* class action because they never received notice of the settlement or of the opportunity to opt out of it. Their response to Manufacturers' Motion for Summary Judgment also raises the issue of whether they were denied due process of law when notice of the proposed settlement (and notice of the opportunity to opt out of the suit) was sent to an address Manufacturers and Fairbanks knew or should have known to be incorrect.[2] Manufacturers has not denied that it possessed the Medinas' new address when it provided their name to the FTC. Rather, it appears to rest its motion for summary judgment on the ground that the notice satisfied the requirements of the settlement agreement and *Fed. R. Civ. P. 23(c)(2)*, and therefore is

---

[2] Plaintiffs also urge denial of Defendant's Motion on the ground that Manufacturers improperly relied on and offered as evidence copies of the *Curry* settlement agreement, citing paragraphs 3, 7, 11 and 12 of the agreement. None of these provisions bars introduction of the agreement for purposes of obtaining summary judgment in this case, as the agreement explicitly allows Manufacturers to introduce the agreement as evidence in order to ensure its enforcement.

5

binding on the Medinas regardless of whether they actually received notice and regardless of whether the Defendant is responsible for this failure.[3]

Rule 23(c)(2), which governs notice for classes certified under Rule 23(b)(3), requires "'the best notice practicable under the circumstances' be directed to the members of the class, 'including individual notice to all members who can be identified through reasonable effort.'" *Breslow v. Prudential-Bache Props. Inc.*, 1995 U.S. Dist. LEXIS 13617 at *4-5 (N.D. Ill. Sept. 13, 1995) (citing Rule 23(c)(2)). This standard can be satisfied even though a particular class member never receives actual notice – a difficult reality for many plaintiffs to accept. *See id.* at *5 ("[d]ue process requires that the method of providing notice be 'reasonably calculated to reach interested parties' . . . [but] does not require that each class member actually receive notice") (citations omitted). This rule ensures that when parties to a settlement provide class plaintiffs with the best notice practicable under the circumstances, those plaintiffs who fail to receive actual notice – for any number of legitimate reasons – cannot later disrupt the settlement. *See In re VMS Ltd. P'ship Sec. Litig.*, 1995 U.S. Dist. LEXIS 8079 at *11-12 (N.D. Ill. June 9, 1995). Absent this rule, defendants would have little incentive to settle. *Id.*

In this case, the Medinas have attempted to raise, as a factual matter, the issue of whether Manufacturers and Fairbanks sent notice of the settlement to an address a reasonable investigation would have shown to be incorrect. However, Plaintiffs cannot demonstrate that even if true, this issue entitles them to bring suit against Manufacturers. There simply is no relevant precedent exempting a plaintiff from a binding class action settlement because the

---

[3]Manufacturers provided an affidavit from the Settlement Administrator stating that a notice and claim form was sent to the Medinas at the 5200 S. Western Avenue address on February 23, 2004 and that the notice and claim form was not returned to the Administrator as undeliverable by the United States Post Office.

settling party failed to verify the address of each of tens of thousands of class plaintiffs. *Cf. In re VMS*, 1995 U.S. Dist. LEXIS at *3-5 (holding that the plaintiff was bound by the terms of a class action settlement even when notice was sent to his former address; requiring verification of every address of each member of a "very large class" would be "considerably . . . burdensome"). *See also Breslow*, 1995 U.S. Dist. LEXIS at *6-7 (notice sufficient when mailed by first-class mail and affidavit states that notices were not returned as undeliverable). Although it is possible that Manufacturers and Fairbanks provided an address for the Medinas that was out-dated, I find that the size of the plaintiff class in the *Curry* action, Fairbank's provision of the Medinas' name to the settlement administrator, and its reliance on the National Change of Address database to update class members' addresses constituted the best practicable efforts to provide notice under the circumstances. The Plaintiffs cannot establish that there is a genuine issue of material fact regarding notice of the *Curry* settlement agreement.

Alternatively, the Medinas' response to the Motion for Summary Judgment indirectly raises the possibility of relief from the binding effect of the *Curry* settlement agreement under *Fed. R. Civ. P. 60*. Rule 60(b) allows a court to grant relief from a judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason. Granting relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Harold Wash. Party v. Cook County, Ill. Democratic Party*, 984 F.2d 875, 879 (7th Cir. 1993) (citation omitted). The most likely grounds for excluding the Medinas from the *Curry* class settlement would be Rule 60(b)(3), (4) or (6).

Although Plaintiffs' motion strenuously rejects the proposition that they released Manufacturers from any liability with respect to the February 2001 foreclosure, *e.g.*, their pointed and oft-repeated statement "we reserve the right to our claims," they have presented no admissible evidence that Defendant deliberately mailed notice of the *Curry* settlement to an address it knew to be incorrect. Rather, Plaintiffs at best suggest that Defendant failed to verify the address of one of many class members. Therefore, I cannot conclude that the judgment should be set aside on the basis of either Rule 60(b)(3), which requires the Plaintiffs to show misconduct by the Defendant, or under Rule 60(b)(4), which requires that I find "extraordinary circumstances" are present before granting relief. *In re VMS*, 1995 U.S. Dist. LEXIS at *9 (citing *O'Brien v. Nat'l Prop. Analysts Partners*, 739 F. Supp. 896, 902 (S.D.N.Y. June 15, 1990)). Absent admissible evidence to this effect, I will not grant relief on these grounds. Finally, Rule 60(b)(4) allows a court to grant relief from a final judgment if the court acted in a manner inconsistent with due process of law in reaching that judgment. *Id.* I have already ruled that the notice provided under the *Curry* settlement agreement satisfied the requirements of Rule 23(c)(2) and was constitutionally sufficient; therefore, Plaintiff's implied motion cannot satisfy Rule 60(b)(4).

For these reasons, Defendant's Motion for Summary Judgment is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 9 Dec 2004

8